**KUWE KHENG LIE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73303.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Ron A. Kamran, Attorney at Law, Orange, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM [**]

Kuwe Kheng Lie, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part.

Lie's asylum claim is unreviewable by this court because the BIA determined that her claim was untimely. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Lie's due process contentions are without merit and do not demonstrate that her hearing was fundamentally unfair or that she was prevented from presenting her case. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) (denying due process claim because petitioner attempted to "create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb"). Accordingly, we dismiss the petition for review of her asylum claim.

We have jurisdiction over Lie's withholding of removal and CAT claims under 8 U.S.C. § 1252(a) and review for substantial evidence. *See Hakeem*, 273 F.3d at 816. Substantial evidence supports the BIA's denial of withholding of removal because Lie's experiences, which include ongoing religious harassment and a single act of physical violence, do not compel a finding that it is more likely than not that she will be persecuted if returned to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003).

In addition, substantial evidence supports the BIA's denial of relief under the CAT because the record does not indicate that it is "more likely than not" that Lie will face torture if returned to Indonesia. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (citing 8 C.F.R. § 208.16(c)(2)).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate. *Id.*

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**